**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIEL DALEY,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-758-Orl-28TBS**

**THE CITY OF ORLANDO and TRAVIS LAMONT,**

        **Defendants.**

_____

# ORDER

This cause is before the Court on Defendants' Motion for Reconsideration (Doc. 68), in which Defendants urge the Court to reconsider its ruling—made at the final pretrial conference on July 25, 2012—on Plaintiff's motion in limine regarding the admissibility of alcohol evidence. The Court ruled that Defendants will not be permitted to introduce hospital records or expert testimony regarding Plaintiff's blood alcohol level because such evidence is not relevant to Plaintiff's claims.

Defendants now argue that the Court "did not consider the first affirmative defense raised by the Defendants in their answer based upon the provisions of § 768.36, Florida Statutes." (Doc. 68 at 2). Defendants assert that this statute provides a defense to Plaintiff's state law claims, though not to his federal claims. (Id.). Defendants are correct that the Court did not consider this statute during the final pretrial conference; however, it did not do so because Defendants did not raise this point at that time. Moreover, Defendants did not

mention this statute in their Memorandum in Opposition (Doc. 37) to Plaintiff's motion in limine.

Even if Defendants had made this argument at the final pretrial conference, and even though they did raise this statute as an affirmative defense in their Answer, their position fails. The statute upon which Defendants now rely—section 768.36, Florida Statutes—provides in part that "[i]n any civil action, a plaintiff may not recover any damages for loss or injury to his or her person or property if the trier of fact finds that, at the time the plaintiff was injured: (a) [t]he plaintiff was under the influence of any alcoholic beverage or drug to the extent that the plaintiff's normal faculties were impaired or the plaintiff had a blood or breath alcohol level of 0.08 percent or higher; and (b) [a]s a result of the influence of such alcoholic beverage or drug the plaintiff was more than 50 percent at fault for his or her own harm." § 768.36(2), Fla. Stat. This statute is not applicable in the instant case and does not support admissibility of evidence regarding Plaintiff's blood-alcohol level.

As aptly noted by Plaintiff, (see Doc. 36 at 4), the claims at issue in this case are intentional torts—not negligence claims. The cited statute pertains to comparative fault in negligence actions and, as an exception to Florida's generally applicable comparative negligence scheme, it bars recovery where a plaintiff's alcohol consumption leads to the plaintiff being more than fifty percent at fault. Although the matters of the necessity of force and the permissible amount of force are issues in this case, comparative fault is not an issue. Section 768.36(2), Florida Statutes, thus does not provide a basis for an affirmative defense to any of Plaintiff's claims.

Accordingly, Defendants' Motion for Reconsideration (Doc. 68) of the Court's ruling

on the admissibility of blood alcohol evidence is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 9th day of August, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record