**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIEL DALEY,**
    **Plaintiff,**

**-vs-**              **Case No. 6:11-cv-758-Orl-28TBS**

**TRAVIS LAMONT,**
    **Defendant.**
_____

# ORDER

  This case was tried to a jury over a five-day period in August 2012. The jury returned a verdict finding that Defendant violated Plaintiff's federal constitutional right to be free from excessive or unreasonable force and awarded Plaintiff $750,000.00 for bodily injury, pain and suffering, disability or physical impairment, disfigurement, mental anguish, and loss of capacity for the enjoyment of life. (Verdict, Doc. 104). The jury also awarded Plaintiff $120,000.00 for past medical care and $10,000.00 for future medical care. (Id. at 2).

  Now before the Court is Defendant's Motion for New Trial or Remittitur (Doc. 112), which is brought pursuant to Federal Rule of Civil Procedure 59(a) and (e). Defendant argues that he is entitled to a new trial due to exclusion of some evidence regarding Plaintiff's consumption of alcohol. Defendant also argues that the $750,000.00 damages award was excessive and that the $10,000.00 award for future medical care is without evidentiary support.

  "On a Rule 59 motion, a district court may set aside the jury's verdict and grant a new trial only if '(1) the verdict is against the clear weight of the evidence, or (2) [the verdict] is based upon evidence which is false, or (3) [the verdict] will result in a miscarriage of justice,

even though there may be substantial evidence which would prevent the direction of a verdict.'" Hughston v. New Home Media, 552 F. Supp. 2d 559, 570 (E.D. Va. 2008) (quoting Bennett v. Fairfax Cnty., 432 F. Supp. 2d 596, 602 (E.D. Va. 2006)).  None of these circumstances is present here, and thus Defendant's motion is denied insofar as it seeks a new trial.

Defendant also seeks remittitur of the $750,000.00 damages award to $100,000.00, arguing that this award was excessive.  However, the Court cannot conclude that the jury's award "exceeds the maximum limit of a reasonable range within which the jury may properly operate." Warren v. Ford Motor Credit Co., 693 F.2d 1373, 1380 (11th Cir. 1982) (quotation and citation omitted).  The motion is thus also denied with regard to the request for remittitur.

Finally, Defendant asserts that the $10,000.00 award for future medical care should be vacated as without evidentiary basis.  This contention is also rejected.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Defendant's Motion for New Trial or Remittitur (Doc. 112) is **DENIED** in all respects.

2.  The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida this 30th day of October, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record